**Gary Mandel KELLY, Petitioner–Appellant,**

v.

**Susan HUBBARD, Respondent–Appellee.**

No. 00–16314.

D.C. No. CV–99–00353–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Gary Mandel Kelly appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his state conviction for possession of cocaine base for sale. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Kelly contends that the district court incorrectly found that he suffered no prejudice when the jury inadvertently discovered marijuana that no one realized was inside of a wallet introduced into evidence. He also contends the there was insufficient evidence to support his conviction.

We review de novo the dismissal of a section 2254 petition. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). In reviewing Kelly's claims we must determine whether the state court's decision was contrary to, or an unreasonable application of, clearly established law. 28 U.S.C. § 2254(d); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (stating that state court's decision will be overturned only where clearly erroneous).

Kelly has a federal constitutional right to an impartial jury where jurors consider only the evidence which is presented to them in open court. *Turner v. Louisiana,* 379 U.S. 466, 472–473, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); *Bayramoglu v. Estelle,* 806 F.2d 880, 887 (9th Cir.1986). Once extrinsic material has been considered by a jury, a new trial is warranted if there is a "reasonable possibility" that this evidence affected the verdict. *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); *Bayramoglu,* 806 F.2d at 887.

■ In Kelly's case the trial judge examined each juror, all of whom indicated the extraneous evidence had no effect on their verdict. Moreover, the trial judge gave a curative instruction that the items found in the wallet could not be considered, negating any potential prejudicial impact. *Bayramoglu,* 806 F.2d at 888. Because Kelly has not demonstrated that the extraneous evidence created a reasonable possibility that the verdict was affected, the state court decision that there was no prejudice was not clearly erroneous, and thus neither contrary to nor an unreasonable application of clearly established federal law. *Van Tran,* 212 F.3d at 1153–54.

■ Finally, the state court's decision that a rational trier of fact could have found Kelly guilty beyond a reasonable doubt based upon the evidence presented was not clearly erroneous because the evidence adduced at trial showed that the cocaine came from under Kelly's car seat, that he made untrue statements and acted as if he had knowledge of the presence of the cocaine. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Van Tran,* 212 F.3d at 1153–54. The district court therefore properly denied Kelly's habeas petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.