John MADDEN, Plaintiff–Appellant,

v.

VT SUPREME COURT, et al.,
Defendants–Appellees.

No. 06–1373–cv.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

John Madden, pro se, for Appellant.

No appearance for Appellee.

Present: Hon. ROGER J. MINER, Hon.
ROBERT D. SACK,* Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant John Madden appeals
from a January 2006 order of the United

---

\* The Honorable Peter W. Hall has recused him-
self from consideration of this appeal. Pursu-
ant to Second Circuit Local Rule 0.14(b), the
matter is being decided by the two remaining
members of the panel.

States District Court for the District of Vermont (Murtha, J.) denying his motion for leave to file a complaint against the Vermont Supreme Court, the Vermont Department of Buildings and General Services, and the Vermont Judicial Conduct and Professional Responsibility Boards. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

To the extent that Madden challenges the district court's June 2005 issuance of the filing injunction, requiring him to move for leave to file before filing a complaint in the district court, such challenge is foreclosed by his failure to bring a direct appeal from that order. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir.2005). We review *de novo* the district court's denial of Madden's request to file the complaint in this putative action. After performing that review, we affirm the ruling of the district court. *See Giano v. Goord*, 250 F.3d 146, 149 (2d Cir.2001).

 The Eleventh Amendment precludes Madden from bringing suit against the state or state agencies, because it deprives the federal courts of subject matter jurisdiction over any action asserted by an individual against a state regardless of the nature of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2d Cir.1970). Although Eleventh Amendment immunity does not bar the suit to the extent it was brought against the Town of New Haven Planning Commission, Selectmen, and Town Clerk, *see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), it is clear from the record that the proposed complaint failed to state a claim upon which relief could be granted. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir.1999). To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that a defendant, acting under the color of state law, deprived the plaintiff of a constitutional right. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Rodriguez v. Phillips*, 66 F.3d 470, 481 (2d Cir.1995). Madden has not done so. To the extent that he challenges the decision on behalf of "the over one hundred respondents," an individual may not appear *pro se* on another's behalf. *See Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123 (2d Cir.1998); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998).

For the foregoing reasons, we AFFIRM the judgment of the district court. We further conclude that the attempt to bring this lawsuit was entirely without legal basis and therefore unwarranted. In light of Madden's history of bringing baseless litigation in federal court, we advise Madden, as we have before, *see Madden v. Vermont Supreme Court*, No. 01–7919–cv (2d Cir. Dec. 19, 2001), that any further filings of appeals to this Court in suits against the state or state agencies, or of suits that are duplicative of claims previously brought, will result in the imposition of a filing injunction in this Court, requiring Madden to request leave from this Court before filing any further appeals.