09-5151-cv
Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand ten.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          JOHN G. KOELTL,
                    *District Judge*.[*]

-----------------------------------------------------------------------------------

BERNICE MALCOLM,

                              *Plaintiff-Appellant*,


          v.                                            No. 09-5151-cv


HONEOYE FALLS LIMA CENTRAL SCHOOL
DISTRICT,

                              *Defendant-Appellee*.

-----------------------------------------------------------------------------------


FOR APPELLANT:                    Bernice Malcolm, *pro se*, West Henrietta,
                                  New York.

_____

[*] District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                              Michael P. McClaren, Webster Szanyi LLP, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's November 12, 2009 judgment is AFFIRMED in part and VACATED in part.

Bernice Malcolm appeals from the dismissal of discrimination and other claims against her former employer, the Honeoye Falls-Lima Central School District, on the ground that such claims were barred by a July 16, 2007 settlement agreement ("Settlement Agreement").  See Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 669 F. Supp. 2d 330, 332-33 (W.D.N.Y. 2009).  She further appeals the district court's decision not to exercise supplemental jurisdiction over her state-law claim for breach of the Settlement Agreement. See id. at 333.

We review the challenged dismissal de novo, consistent with the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), but mindful that the general rule requiring us to accept all allegations in the complaint as true and to draw all reasonable inferences in a plaintiff's favor, see, e.g., La Faro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009), must be applied with particular solicitude in the case of a pro se plaintiff, see Harris

2

v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). We review a decision not to exercise supplemental jurisdiction for abuse of discretion. See N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 113 (2d Cir. 2007). In applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.

Upon careful review of the record, we conclude, largely for the reasons stated by the district court, that the Settlement Agreement is a binding contract that unambiguously foreclosed Malcolm from pursuing any claims against defendant for conduct occurring before the Agreement's execution. See, e.g., Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999) (discussing construction of settlement agreements). To the extent Malcolm now seeks to identify ambiguity in the Settlement Agreement, she forfeited that argument by failing to raise it in the district court. See, e.g., Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 123 (2d Cir. 2009).[1] In any event, the argument is without merit because the Settlement Agreement is not, in fact, reasonably subject to more than one interpretation. See Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d at 484 (holding that party cannot create ambiguity in otherwise plain agreement merely by urging

_____

[1] To the extent Malcolm further challenges the Settlement Agreement as improperly executed, subsequently revoked, violative of N.Y. Educ. Law § 3108, or not in compliance with the Older Workers Benefit Protection Act, Pub. L. No. 101-433, 104 Stat. 978 (1990) (codified at 29 U.S.C. § 621 et seq.), these arguments were also not raised in the district court and, thus, are forfeited on appeal.

3

different interpretations in course of litigation); accord Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 914 (2d Cir. 2010).

Malcolm further contends that her complaint should not have been dismissed because she also sues defendant for acts occurring after execution of the Settlement Agreement. Most of those post-settlement acts identified in her Amended Complaint are alleged breaches of the Settlement Agreement recast as illegal discrimination allegations, which Malcolm can no longer maintain in good faith because a New York State Supreme Court has rejected her breach claim as a matter of law. See Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., Index No. 08/16610 (N.Y. Sup. Ct. Monroe Co. Mar. 10, 2010) (noting Malcolm's pursuit of discrimination or breach claims in eleven cases, most of which have been dismissed); see also In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007) (discussing New York law of collateral estoppel). Reviewed liberally, however, Malcolm's complaint also alleges that, after execution of the Settlement Agreement, defendant terminated replacement health insurance benefits that she was eligible to receive under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-68, while permitting other similarly situated white applicants to retain those benefits. See Amended Compl. ¶¶ 182-83. Because the district court appears not to have considered these allegations of post-settlement discrimination, we vacate its dismissal decision in this single respect and remand the case for consideration of those allegations.

While our limited remand would generally require that we vacate the district court's

4

decision not to exercise supplemental jurisdiction over Malcolm's state-law claim, see Kruse v. Wells Fargo Home Mortg., Inc., 383 F.3d 49, 62 (2d Cir. 2004), such a vacatur would be futile in this case because the state claim has already been adjudicated on the merits in the New York Supreme Court, see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 196 (2d Cir. 2010) (noting that claim preclusion "extinguish[es] . . . all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose" (internal quotation marks omitted)).

We have considered Malcolm's other arguments and conclude that they are without merit. Accordingly, we AFFIRM in part and VACATE in part the district court's November 12, 2009 judgment, and remand this matter to the district court for further consideration consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5