11-1894-cv
Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

BERNICE MALCOLM,

> *Plaintiff-Appellant*,

> v.                                        No. 11-1894-cv

HONEOYE FALLS LIMA CENTRAL SCHOOL DISTRICT,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:      Bernice Malcolm, *pro se*, West Henrietta, New York.

FOR DEFENDANT-APPELLEE:       Michael P. McClaren, Kevin T. O'Brien, Webster Szanyi LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Bernice Malcolm brought this action against her former employer, Defendant-Appellee Honeoye Falls Lima Central School District ("Honeoye"). In a prior appeal, we affirmed the district court's dismissal of nearly all of Malcolm's discrimination and breach of contract claims, but ordered a limited remand solely to allow the district court to consider her allegation that Honeoye had "terminated replacement health insurance benefits that she was eligible to receive under the Consolidated Omnibus Budget Reconciliation Act of 1985 ('COBRA'), while permitting other similarly situated white applicants to retain those benefits." *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 399 F. App'x 680, 681-82 (2d Cir. 2010) (internal citation omitted). Malcolm, *pro se*, now appeals from the district court's subsequent judgment dismissing her claims of discrimination and retaliation regarding COBRA, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983, and denying her motions for reconsideration and for leave to amend her amended complaint. We assume the parties' familiarity with the facts, proceedings below, and the issues on appeal.

2

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We affirm the district court's judgment because Malcolm has "failed to allege even the basic elements" of a discrimination or retaliation claim. *Patane v. Clark*, 508 F.3d 106, 112 n.3 (2d Cir. 2007).

First, Malcolm failed to sufficiently allege a claim of racial discrimination. To state a claim of discrimination under Title VII, a plaintiff must allege, *inter alia*, that she suffered an adverse employment action. *See Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010). A plaintiff sustains an adverse employment action if she endures a "materially adverse change" in the terms and conditions of employment. *See Galabya v. NYC Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). To be "materially adverse," a change in working conditions "might be indicated by a termination of employment, . . . a material loss of

3

benefits, . . . or other indices . . . unique to a particular situation," and must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (internal quotation marks omitted). Further, "[w]hen considering whether a plaintiff has raised an inference of discrimination by showing that she was subjected to disparate treatment . . . the plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). The same requirements for a showing of disparate treatment apply to race discrimination claims under § 1983. *See Brown v. City of Oneonta*, 221 F.3d 329, 336-37 (2d Cir. 2000).

Here, despite Malcolm's claims that Honeoye "discontinued" and "canceled" her COBRA coverage, her own submissions and the documents she provided in support of her claims demonstrate that she suffered no lapse in her COBRA coverage and successfully secured COBRA benefits on August 18, 2008. Indeed, the same documents show that any risk that she would lose coverage was caused by her own failure to submit the required enrollment form.

Second, Malcolm's claim that she was retaliated against for engaging in a protected activity fails because, as explained above, Malcolm's COBRA benefits were not terminated. *See Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 n.6 (2d Cir. 2011) (noting that a "materially adverse employment action" is a

4

required element in a Title VII retaliation action). Any alleged delays attributable to Honeoye in processing Malcolm's COBRA benefits were immaterial because such delays would not "deter a reasonable worker in the plaintiff's position from exercising [her] legal rights." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011) (internal quotation marks omitted).

Finally, the district court did not abuse its discretion in denying Malcolm's motion to amend her amended complaint. *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir.2010) (motions for leave to amend are reviewed for abuse of discretion). Amendment in this case would be futile because the absence of a lapse in COBRA coverage precludes Malcolm from successfully stating a discrimination or retaliation claim concerning that coverage. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

We have considered Malcolm's other arguments on appeal and have found them to be without merit. Because the district court on remand was limited to considering solely claims relating to alleged discontinuation of Malcolm's COBRA benefits, Malcolm's arguments relating to previously-dismissed claims are barred by our prior decision. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5