Malcolm v. Bd. of Ed. of Honeoye Falls-Lima

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

BERNICE MALCOLM,

> *Plaintiff-Appellant*,

v.                                                                  No. 10-4287

BOARD OF EDUCATION OF THE HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT, HONEOYE FALLS LIMA CENTRAL SCHOOL DISTRICT, MICHELLE M. KAVANAUGH, Individually and as Superintendent, Honeoye Falls-Lima Central School District, WAYNE A. VANDER BYL, Individually and as Attorney, Honeoye Falls-Lima Central School District, CARL DEVORE, Individually and as School Physician, Honeoye Falls-Lima Central School District, RENEE WILLIAMS, Individually and as Assistant Superintendent for Curriculum and Instruction, Honeoye Falls-Lima Central School District, KATHLEEN WALLING, Individually and as Former Principal, Honeoye Falls-Lima Central School District, MICHAEL HAGERMAN, Individually and as Former Interim Superintendent, Honeoye Falls-Lima Central

School District, KEVIN HAMILTON, Individually and as Former Director of Operations and Finance, Honeoye Falls-Lima Central School District, MEGHAN PHILLIPS, Individually and as Special Education teacher, Honeoye Falls-Lima Central School District, ANNE TUBBS, Individually and as Human Resource Assistant and Former Claims Auditor, Honeoye Falls-Lima Central School District,

*Defendants-Appellees.*[*]

---

| | |
|---|---|
| For Plaintiff-Appellant: | Bernice Malcolm, *pro se*, West Henrietta, N.Y. |
| For Defendants-Appellees Board of Education of the Honeoye Falls Lima Central School District, Honeoye Falls-Lima Central School District, Michelle M. Kavanaugh, Renee Williams, Kathleen Walling, Michael Hagerman, Kevin Hamilton, Meghan Phillips, and Anne Tubbs: | Michael P. McClaren, Kevin T. O'Brien, Webster Szanyi LLP, Buffalo, N.Y. |
| For Defendants-Appellees Wayne A. Vander Byl and Carl Devore: | Wayne A. Vander Byl, Esq., Williamson, N.Y. |

Appeal from the judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-Appellant Bernice Malcolm, *pro se*, appeals from the September 16, 2010 judgment of the United States District Court for the Western District of New York (Larimer, *J.*)

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

dismissing her employment discrimination action, with prejudice, and from the district court's October 27, 2010 order denying her post-judgment motion brought pursuant to Fed. R. Civ. P. 60(b).[1] On appeal, Malcolm contends, *inter alia*, that the district court erred in dismissing her complaint, and erred in enjoining her from filing any further complaints in federal court arising out of her employment with defendants without prior leave from the court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Having conducted an independent and *de novo* review of the record, we affirm the district court's dismissal of Malcolm's complaint as barred by the doctrine of claim preclusion. "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). A matter could have been raised in a prior action if it emerges from the same "nucleus of operative facts" as any claim actually asserted in the prior action. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997); *see also O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981). To determine whether two actions arise from the same nucleus of operative facts, we consider "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit

---

[1] We lack jurisdiction to consider the district court's December 9, 2010 order denying plaintiff's second post-judgment Rule 60(b) motion, as Malcolm did not file an amended notice of appeal as required by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

conforms to the parties' expectations." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (internal quotation marks omitted). "[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995).

Here, all of Malcolm's claims against the school district, its employees, and its agents are precluded. Malcolm's complaint alleges that the defendants discriminated against her, which culminated in the termination of her employment. The instant action, which we will refer to as *Malcolm III*, is one of several actions Malcolm has brought against the school district, in both federal and state court. This action emerges from the same nucleus of operative facts as the others, namely, whether Malcolm was discriminated against by defendants during the course of her employment as a teacher in the school district. The district court and the New York State Supreme Court have both previously dismissed Malcolm's prior actions on the basis that her claims were either barred by a settlement agreement she entered into with the defendants or because her claims lacked sufficient factual support. *See Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.* (*Malcolm I*), 669 F. Supp. 2d 330, 332–33 (W.D.N.Y. 2009) (dismissing discrimination claims pre-dating execution of settlement), *aff'd in part, vacated in part, and remanded by*, 399 F. App'x 680 (2d Cir. 2010) (summary order) (*Malcolm IV*), *cert. denied*, 132 S. Ct. 244 (2011), *reh'g denied*, 132 S. Ct. 869 (2011); *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.* (*Malcolm II*), No. 08/16610 (N.Y. Sup. Ct. Mar. 11, 2010) (granting summary judgment and dismissing discrimination claims post-dating execution of settlement). Although

4

this action adds defendants who were not part of the prior actions, because all of the defendants named in this action are either current or former agents or employees of the school district, the principle of privity bars relitigation of these claims against these new defendants as well. *See, e.g.*, *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999) (holding that government officials sued in their official and individual capacities were entitled to claim preclusion defense based on prior lawsuit against their government entity), *aff'd*, 207 F.3d 105 (2d Cir. 2000).

After the district court rendered its decision in this case, we vacated one portion of the district court's judgment in *Malcolm I* relating to plaintiff's claim of unlawful denial of health insurance benefits, and remanded for further consideration. *See Malcolm IV*, 399 F. App'x at 682. A judgment on appeal generally retains its preclusive effect. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188–89 (1941) (holding appeal taken from judgment does not affect judgment's finality for claim preclusion under either New York or federal law); *see also Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988) (New York law); *United States v. Nysco Labs., Inc.*, 318 F.2d 817 (2d Cir. 1963) (per curiam) (federal law). Therefore, at the time the district court rendered its decision in this case, the court did not err in relying on claim preclusion. Once the judgment in *Malcolm I* was vacated on appeal, though, we would normally reverse this decision on the ground that the judgment the district court relied on was no longer final, *Sheldon v. Khanal*, 396 F. App'x 737, 739 (2d Cir. 2010) (summary order) ("A judgment vacated or set aside has no preclusive effect." (alteration omitted) (quoting *Stone v. Williams*, 970 F.2d 1043, 1054 (2d Cir. 1992)). However, after we remanded in *Malcolm IV*, the district court once again dismissed plaintiff's remaining claim, with prejudice, which we subsequently

5

affirmed.  *See Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.* (*Malcolm V*), 777 F. Supp. 2d

484 (W.D.N.Y. 2011), *aff'd*, No. 11-1894-cv, 2012 WL 1918427 (2d Cir. May 29, 2012)

(summary order) (*Malcolm VI*), *petition for cert. filed*, No. 12-606 (U.S. Aug. 25, 2012).

Accordingly, since the district court's determination of Malcolm's claims arising out of

this nucleus of operative facts is once again final, we can affirm on the ground of claim

preclusion.[2]  Because Malcolm's prior actions brought claims against the school district arising

out of the defendants' alleged discriminatory conduct, and because this action raises no claims

based on facts outside those already adjudicated in both federal and state court, her

discrimination claims in this case are barred by claim preclusion, regardless of whether Malcolm

relies on legal theories different from the ones she previously asserted.  "Even claims based upon

different legal theories are barred provided they arise from the same transaction or occurrence."

*Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (internal quotation marks

omitted).[3]

---

[2] After we vacated the portion of the district court's judgment relating to Malcolm's claim that she was unlawfully denied her health insurance benefits, *see Malcolm IV*, 399 F. App'x at 682, the proper vehicle for plaintiff to pursue her claim on this ground was through the remanded action, not through pursuing a second, duplicative action.  *Cf. Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

[3] Because we conclude that the district court did not err in concluding that Malcolm's claims were subject to claim preclusion, we likewise find no abuse of discretion in the court's denial of Malcolm's Rule 60(b) motion in which she sought reconsideration of that decision, as none of the arguments or allegations set forth in that motion would have cured the preclusive effect of the prior federal and state court judgments.  *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (denial of Rule 60(b) motions reviewed for an abuse of discretion).

6

Turning to the district court's injunction, "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation and quotation marks omitted); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Pursuant to that authority, a court may prevent a litigant from filing pleadings, motions or appeals upon a showing of extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987). Specially crafted sanctions are appropriate to restrain litigants who repeatedly exceed the bounds of tolerable litigation conduct. *See In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993) (holding that a "leave to file" sanction is a reasonable requirement). Before a filing sanction is imposed, however, a litigant must be provided notice and an opportunity to be heard. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). We review an order imposing a filing injunction or leave-to-file sanctions for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *United States v. Int'l Bhd. of Teamsters*, 266 F.3d 45, 49 (2d Cir. 2001).

Here, the district court did not abuse its discretion in enjoining Malcolm from filing further federal complaints arising out of her employment with the school district without first obtaining leave of the court. On appeal, Malcolm does not advance any specific arguments with respect to the filing injunction, and the record demonstrates that: (1) she was afforded sufficient notice of the possible injunction through the defendants' first motion to dismiss and was

7

provided with an opportunity to respond to that motion; (2) her litigation history shows numerous repetitive lawsuits against the school district — she has, by her own admission, filed fourteen discrimination complaints and has received at least three adverse decisions from federal and state courts in actions brought against the school district; and (3) the filing injunction is narrowly-crafted in that it prevents Malcolm only from filing future federal complaints relating to her employment with the school district and does not infringe on her ability to initiate suits in state court, file appeals in this Court, or prosecute her pending actions in the district court. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (describing the factors district courts should consider in determining whether to restrict a litigant's future access to the courts); *In re Martin-Trigona*, 737 F.2d at 1262-63. It also allows her to seek leave of the district court to file a new claim against the school district.

We have considered all of Malcolm's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8