Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand thirteen.**

**PRESENT:**

Richard C. Wesley,
Christopher F. Droney,
*Circuit Judges,*
Alison J. Nathan,[*]
*District Judge.*

_____

**Bernice Malcolm,**

*Plaintiff-Appellant*,

v.                                                              **11-4923**

**Honeoye Falls Lima Central School District,**
*et al.*,

*Defendants-Appellees.*

_____

[*]The Honorable Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**        Bernice Malcolm, *pro se*, West Henrietta, New York.[**]

Appeal from a judgment and order of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Bernice Malcolm, proceeding *pro se*, appeals the district court's October 31, 2011 judgment denying her motion for leave to file a *pro se* employment discrimination action and dismissing her proposed complaint without leave to amend, on the basis that her claims were barred by res judicata, and the district court's November 14, 2011 order denying her Federal Rule of Civil Procedure 60(b) motion for reconsideration, in which she also requested that the district court recuse itself. *See also Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010) (imposing filing injunction), *aff'd*, No. 10-4287, 2012 WL 6684565 (2d Cir. Dec. 26, 2012) (unpublished). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's denial of a motion for leave to file a complaint pursuant to a filing injunction, which has the practical effect of a *sua sponte* dismissal. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001); *Madden v. Vt. Supreme Court*, 236 Fed. App'x 717, 718 (2d Cir. 2007). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is

[**]Defendants have not been served, nor have they chosen to appear, in this appeal.

"inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court reads *pro se* complaints with "special solicitude" and interprets them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotations omitted). A district court generally should not dismiss a *pro se* complaint without granting the plaintiff an opportunity to amend, but such leave is not necessary where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"[T]he doctrine of *res judicata*, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotations omitted), which is to say issues that emerge from the same "nucleus of operative fact" as any claim actually asserted in the prior action. *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997). It is "settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

After conducting a *de novo* review of the record, the decisions issued in Appellant's prior actions, and relevant case law, we affirm for substantially the same reasons stated by the district court in its October 27, 2011 decision and order. To the extent Appellant intended to assert claims based on the defendants' continued perpetuation of certain allegedly discriminatory employment policies and practices, we agree with the district court that she would lack standing to assert any challenge to those policies and practices, *see Town of Babylon v. Fed. Hous. Fin.*

3

*Agency*, 699 F.3d 221, 228-29 (2d Cir. 2012), and, in any event, the vague and conclusory nature of her allegations regarding the defendants' present practices are insufficient to state plausible discrimination and/or retaliation claims, *see Iqbal*, 556 U.S. at 678. We also conclude that the district court properly dismissed Appellant's complaint without leave to amend, and we find that none of Appellant's arguments in this appeal address the preclusive effect of state and federal court decisions in her previous actions, or suggest that amendment would allow her to state viable claims based on the defendants' current employment policies and practices. Given Appellant's failure to demonstrate any likelihood of success on the merits of her claims, the district court also properly denied her request for appointment of counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989).

We review the district court's denial of Appellant's Rule 60(b) motion for reconsideration and recusal motion for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011); *In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008). As we find no error in the district court's denial of Appellant's leave-to-file motion or its dismissal of her proposed complaint, we likewise find no abuse of discretion in its denial of reconsideration. The district court also did not abuse its discretion in declining to recuse itself, as a review of Appellant's arguments reflects that her claims of bias are ultimately based only on disagreement with the district court's decisions. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4