20-2808-cv
Curry-Malcolm v. Rochester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-one.

PRESENT:
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

_____

**Bernice Curry-Malcolm,**

> *Plaintiff-Appellant*,

> v.                                                    20-2808

**Rochester City School District, Rochester City School District Board of Education,**

> *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Bernice Curry-Malcolm, *pro se*, West Henrietta, NY. |
| FOR DEFENDANTS-APPELLEES: | Alison K.L. Moyer, Steven G. Carling, Acting General Counsel, Rochester City School District Department of Law, Rochester, NY. |

Appeal from a July 24, 2020 order of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Bernice Curry-Malcolm ("Malcolm"), proceeding *pro se*, appeals the district court's order denying her leave to file a proposed complaint. In 2017 and 2018, Malcolm filed three complaints initiating lawsuits against her employer, the Rochester City School District ("RCSD"), and other defendants, which the district court designated *Malcolm I*, *II*, and *III*. The district court dismissed these suits for failure to state a claim[1] and imposed a leave-to-file sanction against Malcolm in *Malcolm I*. Notwithstanding that sanction, Malcolm moved for leave to file a complaint against RCSD and the Board of Education of RCSD, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), 42 U.S.C. §§ 1981 and 1983, and New York state law, for race, age, and sex-based disparate treatment, hostile work environment, retaliation, breach of contract, and wrongful termination. After the district court denied Malcolm's motion, which it designated *Malcolm IV*, this Court vacated the leave-to-file sanction and remanded to permit Malcolm leave to amend some claims in *Malcolm I* and *III*. The district court consolidated the remanded proceedings, reimposed the leave-to-file sanction, and dismissed Malcolm's second

---

[1] *Malcolm v. Ass'n of Supervisors & Adm'r s of Rochester*, 388 F. Supp. 3d 242 (W.D.N.Y. 2019), *aff'd in part, vacated in part, remanded*, 831 F. App'x 1 (2d Cir. 2020) (*Malcolm I*); *Malcolm v. Rochester City Sch. Dist.*, 388 F. Supp. 3d 257 (W.D.N.Y. 2019), *aff'd*, 828 F. App'x 810 (2d Cir. 2020) (*Malcolm II*); *Curry-Malcolm v. Rochester City Sch. Dist.*, 389 F. Supp. 3d 189 (W.D.N.Y. 2019), *aff'd in part, vacated in part, remanded*, 835 F. App'x 623 (2d Cir. 2020) (*Malcolm III*).

2

amended complaint in that action for failure to state a claim (*Malcolm V*). Malcolm's appeal from that decision is pending in this Court. Before us is Malcolm's appeal of the district court's decision denying her motion for leave to file a proposed complaint in *Malcolm IV*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Malcolm makes three arguments on appeal. *First*, "[t]he district court abused its discretion by improperly imposing a prefiling sanction against [Malcolm] without affording her the opportunity to be heard." Appellant's Br. at 47. *Second*, her proposed complaint includes sufficient allegations to state plausible claims. *See id*. at 47–71. *Third*, Judge Larimer is biased against Malcolm and "should be removed by this Court from any further matters regarding [Malcolm]." *Id*. at 76. We address each argument in turn.

*First*, Malcolm's challenge to the leave-to-file sanction that was in place at the time of the district court's decision is moot because this Court has already vacated that sanction. *See Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 831 F. App'x 1, 6 (2d Cir. 2020) (vacating sanction); *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005) (explaining that appeal must be dismissed as moot "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party" (internal quotation marks omitted)).

Malcolm's challenge to the district court's denial of leave to file her proposed complaint, however, presents a live controversy because the prior panel did not mention, much less vacate, the district court's order denying leave to file the proposed *Malcolm IV* complaint. *See generally Malcolm*, 831 F. App'x at 1–6; *see also British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 123 (2d Cir. 2003) (holding that an appeal is not moot where the litigant "retains some

3

interest in the case, so that a decision in [her] favor will inure to [her] benefit" (internal quotation marks omitted)).

*Second*, Malcolm argues that the district court improperly denied her motion for leave to file a proposed complaint because she "sufficiently alleges" claims in the proposed complaint. *See, e.g.*, Appellant's Br. at 48. Appellees counter that even if that were true, the Court should still affirm the district court's dismissal of the suit because all of the claims asserted in the proposed complaint are barred by the doctrine of claim preclusion. *See* Appellees' Br. at 20. Malcolm disagrees and contends that her claims are not barred by claim preclusion because they are based on events that post-date the other actions, but she does not point to any specific allegations supporting this argument. *See* Reply Br. at 16.

We review the denial of leave to file, which has the practical effect of a *sua sponte* dismissal, *de novo*. *See Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013). Moreover, "we may affirm on any ground for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 157–58 (2d Cir. 2015) (internal quotation marks omitted).

We affirm here because the claims raised in the proposed complaint are barred by the doctrine of claim preclusion. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995) (recognizing that courts may raise claim preclusion *sua sponte*). Under that doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Claim preclusion thus applies where "(1) the previous action involved an

4

adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Those requirements are satisfied here. First, the district court's dismissals for failure to state a claim in *Malcolm I*, *II*, *III*, and *V* were judgments on the merits. *See Moitie*, 452 U.S. at 399 n.3 ("[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)). Second, Malcolm was a party to the prior litigation. Third, Malcolm asserted the same claims arising out of the same events in the prior cases.

In her proposed complaint, Malcolm asserts employment discrimination claims in violation of Title VII, the ADEA, New York State Human Rights Law ("NYSHRL"), 42 U.S.C. §§ 1983 and 1988, the New York State Constitution's equal protection clause, as well as claims for breach of contract, wrongful termination, and violation of "education law," all premised on alleged harassment of Malcolm by a supervisor, a performance review, RCSD's failure to investigate Malcolm's discrimination complaints, and Malcolm's layoff. *See generally* App'x 305.

In *Malcolm I*, *II*, and *III*, Malcolm asserted the same employment discrimination claims in violation of Title VII, the ADEA, NYSHRL, 42 U.S.C. §§ 1983 and 1988, the New York State Constitution's equal protection clause, and breach of contract—all premised on the same factual allegations. *See Malcolm*, 831 F. App'x at 3–5; *Curry-Malcolm v. Rochester City Sch. Dist.*, 835 F. App'x 623, 626 & n.4 (2d Cir. 2020); *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2021 WL 4867006, at *3–6, 8 (W.D.N.Y. Oct. 19, 2021).

To the extent that Malcolm attempts to assert different claims in the proposed complaint—

5

including wrongful termination in violation of a collective bargaining agreement and violation of "education law"—those claims are also precluded because they are rooted in the same series of events as the prior complaints. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) ("The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring claims arising from the same transaction." (internal quotation marks omitted)).

And although the proposed complaint differs from the prior complaints by naming the Board of Education as a defendant, the proposed complaint contains only one vague and conclusory allegation against the Board of Education, which is not sufficient to state a claim. *See* App'x 309 ("The School District, its employees, officers, managers, supervisors, directors, chiefs, superintendent of schools and board of education members and agents would join in, engage and participate with [Malcolm's supervisor] in her unlawful harassment, discrimination, and retaliation against Plaintiff."). The complaint otherwise does not distinguish between the defendants and appears to rely on privity to assert claims against the Board of Education. All such claims are precluded. *See Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (explaining that privity exists where the newly named defendant was "known by [the] plaintiff at the time of the first suit" and "has a sufficiently close relationship to the original defendant to justify preclusion"). The claims in Malcolm's proposed complaint are thus precluded, so we affirm the district court's denial of leave to file the proposed complaint.

*Third*, Malcolm argues that Judge Larimer must recuse from "any further matters regarding [Malcolm]" due to judicial bias. Appellant's Br. at 76. This claim is meritless. The record does not reflect "deep-seated favoritism or antagonism that would make fair judgment impossible."

6

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see id*. ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (holding that "adverse rulings, without more, will rarely suffice to provide a reasonable basis for" a bias claim).

We have considered the remainder of Malcolm's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7