21-2935
*Bartlett v. Tribeca Lending Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-two.

PRESENT:     Pierre N. Leval,
                 Barrington D. Parker,
                 Steven J. Menashi,
                     *Circuit Judges.*

_____

GREGORY MILES BARTLETT,

        *Plaintiff-Appellant,*

    v.                                   No. 21-2935

TRIBECA LENDING CORP., FRANKLIN MORTGAGE ASSET TRUST 2009-A,

        *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:  Gregory Miles Bartlett, pro se, Queens Village, NY.

*For Defendants-Appellees*:  No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2007, Tribeca Lending Corporation brought a foreclosure action against Gregory Bartlett in state court and judgment was entered against Bartlett in 2008. In 2014 and 2015, Bartlett, proceeding pro se, filed three lawsuits against Tribeca in federal court seeking to undermine the foreclosure judgment. As a result, Bartlett was subject to a 2016 leave-to-file sanction. In 2021, Bartlett moved to sue Tribeca and a mortgage asset trust, alleging that those entities had obtained a "void" foreclosure judgment against him in state court. The district court denied leave to file and dismissed the complaint without prejudice, reasoning that Bartlett's lawsuit was not a departure from his prior pattern of vexatious and non-

2

meritorious litigation related to the 2007 foreclosure and that it lacked jurisdiction over the lawsuit pursuant to the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the denial of leave to file a complaint pursuant to a filing injunction, which has the practical effect of a sua sponte dismissal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (noting that sua sponte dismissals are reviewed de novo); *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013).

We affirm the district court's denial of leave to file because Bartlett's complaint was vexatious. Bartlett's complaint in this action is his fourth attempt to challenge the 2008 foreclosure judgment in district court. Despite the district court's repeated instruction that a federal district court cannot review the state court judgment, Bartlett filed this case. *See Wellington Print Works, Inc. v. Hartford Textile Corp. (In re Hartford Textile Corp.)*, 681 F.2d 895, 897 (2d Cir. 1982) (concluding that the plaintiff's repetitive "meritless and frivolous" filings resulted in "vexation, harassment, and needless expense" to the defendants).

In addition to its vexatiousness, Bartlett's complaint violated the "*Rooker-Feldman* doctrine," according to which the inferior federal courts lack jurisdiction when "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Bartlett lost in state court and then commenced his federal lawsuit in 2021 after the state proceedings related to the foreclosure judgment had ended. *See Tribeca Lending Corp. v. Bartlett*, 923 N.Y.S.2d 451, 452 (N.Y. App. Div. 1st Dep't 2011). He complained of injuries caused by the state court judgment—the loss of his property and violation of his rights—and specifically asked the district court to reject the foreclosure judgment as "void." Under these circumstances, the district court properly dismissed the complaint for lack of jurisdiction.

The district court's conclusion—that this lawsuit was not a "departure from [Bartlett's] history of bringing vexatious and nonmeritorious litigation ... concerning his 2007 state foreclosure action"—was not erroneous.

4

We have considered Bartlett's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court